**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MONAT GLOBAL CORP.,

    Plaintiff,

v.                                                        CASE NO. 3:18-mc-24-J-34MCR

TONI MILLER,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Toni Miller and Non-Party Vikki Nittinger's Objection to Magistrate's Order for Lack of Jurisdiction, construed as a Motion for Reconsideration of the Court's November 27, 2018 Order ("Motion for Reconsideration") (Doc. 13), and Plaintiff's response in opposition thereto ("Response") (Doc. 14).  (*See also* Doc. 15 (construing "the Objection as a motion for reconsideration to be addressed by the Magistrate Judge").)  Upon consideration of the parties' submissions, the Court determines that the Motion for Reconsideration is due to be **DENIED**.

On November 27, 2018, the Court granted, in part, Plaintiff's Motion to Compel Production of Documents from Non-Party Subpoena Respondent Vicki Nittinger ("Motion") (Doc. 1).  (*See* Doc. 12.)  Defendant Miller and non-party Nittinger object to the Court's Order and argue that this Court was without jurisdiction to adjudicate the Motion to Compel because the MDL court had

stayed discovery in the underlying actions, including this matter. (*See* Doc. 13 at 2.) Miller and Nittinger also claim that "the Parties to the *Miller* action including Monat Global . . . are in agreement that this Motion is stayed." (*Id.*) Miller and Nittinger did not otherwise object to the Court's Order.

Plaintiff concedes that the parties agreed to stay discovery in the underlying action, including the Motion to Compel in this matter, on October 12, 2018.[1] (*See* Doc. 14 at 4.) However, Plaintiff contends that the stay of discovery was no longer in effect at the time this Court entered the November 27, 2018 Order. (*Id.* at 5-6.) Specifically, Plaintiff claims that on November 21, 2018 the MDL court entered a scheduling order providing that discovery would "commence upon entry of all of the following by the Court: (i) this Order, (ii) a Protective Order, (iii) a Deposition Protocol, and (iv) a Protocol for Written Discovery and the Production of Documents." (*Id.* at 5.) According to Plaintiff, "[t]hat same day, the MDL Court entered the Protective Order, the Deposition Protocol, and the Joint Protocol for Written Discovery. . . . Accordingly, and contrary to Miller and Nittinger's contention, *on November 21, 2018, the parties were authorized by the*

---

[1] Plaintiff attached a copy of the parties' October 12, 2018 Stipulation Regarding Discovery in the *Miller* Action to its Response, indicating that "Counsel for Miller provided the Court in the U.S. District Court, Middle District of Florida, Jacksonville Division, with Notice of Transfer Order on October 5, 2018, *and will provide that Court with a copy of this Stipulation*." (Doc. 14-1 at 4 (emphasis added).) Counsel for Miller failed to provide this Court with a copy of the stipulation. Inexplicably, neither party informed this Court of the parties' stipulation agreeing to stay the Motion to Compel at issue, or regarding the MDL court orders staying and allowing discovery, prior to the issuance of this Court's November 27, 2018 Order.

2

*MDL Court to commence discovery in the consolidated actions.*" (*Id.* at 5-6 (emphasis added).) Plaintiff also argues that the parties' October 12, 2018 stipulation agreeing to stay discovery "provide[d] that discovery in the *Miller* action should be stayed pending 'the entry of an Order governing discovery in the MDL proceeding,'" and "it was only *after* the MDL Court issued its November 21, 2018 orders," allowing discovery to proceed, that this Court entered its November 27, 2018 Order. (*Id.* at 6 (emphasis in original).)

In light of Plaintiff's arguments and representation that the stay of discovery had been lifted on November 21, 2018 pursuant to the MDL court's orders, this Court finds Defendant Miller and non-party Nittinger's arguments to be unpersuasive. Pursuant to the parties' stipulation, discovery was stayed "until entry of an Order governing discovery in the MDL proceeding," which was entered on November 21, 2018. According to these terms, at the time this Court entered its November 27, 2018 Order, said stay had been lifted. Moreover, neither party has attempted to supplement the briefing in this matter or otherwise indicated that any other order(s) in the underlying MDL proceedings would preclude the enforcement of this Court's November 27, 2018 Order compelling non-party Nittinger to produce the Facebook Group materials responsive to Plaintiff's subpoena. Thus, the Motion for Reconsideration is due to be denied.

Accordingly, it is

**ORDERED:**

1. The Motion for Reconsideration (**Doc. 13**) is hereby **DENIED**.

    a. On or before **January 14, 2020**, counsel for Nittinger and Monat are ordered to confer and agree to an e-discovery protocol for the collection of Facebook data from Nittinger in accordance with the Subpoena and the Court's November 27, 2018 Order (Doc. 12).

    b. Monat shall cover the expense of using an e-discovery vendor for the collection and production of the Facebook Group material from Nittinger.

    c. Nittinger shall produce the Facebook Group materials and all other documents and materials responsive to the Subpoena as outlined in this Order on or before **January 28, 2020**.

**DONE and ORDERED** in Jacksonville, Florida on January 7, 2020.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record